UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA ,

    Plaintiff,

v.                                                    Case No. 05-CR-253

TRACY A. PETERS,

    Defendant.

---

**ORDER ON DEFENDANT'S PRETRIAL MOTION TO CHALLENGE REDACTIONS**

---

On October 4, 2005, a grand jury sitting in the Eastern District of Wisconsin returned a one-count indictment against Tracy A. Peters ("Peters"). The indictment alleges that on or about September 17, 2005, within Indian country in the State and Eastern District of Wisconsin, Peters, a Native American Indian unlawfully, with malice aforethought, and without justification, killed Sean Grignon by stabbing Grignon with a knife, all in violation of Title 18 U.S.C. §§ 1111 and 1153. On October 5, 2005, Peters was arraigned and entered a plea of not guilty. A final pretrial conference is scheduled for December 8, 2005, and a trial is scheduled to commence on December 19, 2005, before the Honorable William C. Griesbach, United States District Judge. In accordance with the pretrial motion schedule, on October 25, 2005, Peters filed a "Motion to Challenge Redactions." With the filing of the defendant's reply brief on November, 9, 2005, that motion is now fully briefed by the parties and is ready for resolution. For the reasons which follow, the defendant's motion will be granted, at least in part.

According to the defendant's motion, the government indicated at Peters's arraignment that it was following the open file policy in this case. Thereafter, on October 12, 2005, discovery materials were provided to the defendant. However, "[o]ther than their names, all identifying information regarding all witnesses was redacted." (Def's Mot. at 2.) After receiving the redacted discovery,

> Attorney Phillip asked AUSA Funnell to provide the redacted contact information regarding all witnesses. Attorney Phillip stated he would use the contact information to find, contact, and interview the witnesses for trial preparation. Attorney Phillip offered as a compromise that if the government provided the witness' contact information, that information would remain with counsel and not be transmitted to the defendant. AUSA Funnell stated that he would consider the request, but that he may not be able to make a decision before the motion deadline of October 25, 2005.

(Def's Mot. at 3.) Apparently, AUSA Funnell was not able to make his decision before the motion deadline, because this motion was filed on October 25, 2005. However, by October 31, 2005, the government had made a decision regarding the defendant's request because on that date the government filed its "Response to Peters' Motion Challenging Redactions." The decision was to deny the defendant's request for the witness identifying information.

Relying on the provisions of Criminal Local Rule 16.1(b), the government asserts that it was appropriate for the witnesses' identifying information to be redacted. Furthermore, the government persists in its unwillingness to provide such information to Peters, or even to Peters's counsel.

Criminal L.R. 16.1(b) provides as follows:

> As defined by the United States Attorney's Office, "open file policy" means disclosure without defense motion of all information and materials listed in Fed. R. Crim. P. 16(a)(1)(A), (B), and (D); upon defense request, material listed in Fed. R. Crim. P.16(a)(1)(C); material disclosable under 18 U.S.C. § 3500 other than grand jury transcripts; reports of interviews with witnesses the government intends to call in its case-in-chief relating to the subject matter of the testimony of the witness; relevant substantive investigative reports; and all exculpatory material. The

2

government must retain the authority to redact from open file material anything (I) that is not exculpatory and (ii) that the government reasonably believes is not relevant to the prosecution, or would jeopardize the safety of a person other than the defendant, or would jeopardize an ongoing criminal investigation. The defendant retains the right to challenge such redactions by motion to the Court.

The parties seem to agree that the witness identifying information, which consists of "address, telephone, and other identifying information" (Def's Mot. at 3.) is not in and of itself "exculpatory." However, the defendant argues that "given that this case will be based upon citizen witnesses, contact information is necessary for defense counsel to find and interview the witnesses to possibly develop exculpatory information." (Def's Mot. at 4.)

The government responds by arguing that witnesses' personal identifying information does not constitute the facts of the case.

> To be sure, it is information that can be used to locate witnesses, but it is not the only means by which to do so, and neither party is guaranteed that a witness will talk to them once located. The open file discovery provided Peters with the names of the witnesses, the location of the crime, and in many cases, the relationship of the witnesses to other witnesses and to locations. Peters already knows many or all of these witnesses. He can use his personal knowledge and the non-redacted discovery to find the witnesses. He can visit the scene, knock on doors, talk to neighbors, talk to friends, look in directories or phone books, perform internet searches, and whatever other legal means he chooses to locate witnesses. In short, Peters is in the same position as the government when the government investigates a case and only has a name. In such instances, the government has to develop information to find the person; Peters must do the same thing here.

(Gov't's Resp. at 3.) The government further asserts that it

> did not redact this information because these are "our" witnesses, or because we want to put up roadblocks to the defense. Rather, we redacted this information because it is personal identifying information that was entrusted to the government. The government has an obligation to safeguard the information and the people who provided it, and not turn it over unless it is necessary under the law.

3

(Gov't's Resp. at 3.) Moreover, the government argues that personal identifying information is not relevant. "It may be a way to obtain relevant evidence, but Peters has not shown that it is relevant evidence in and or itself." (Gov't's Resp. at 4.) Furthermore, while acknowledging that the information was not redacted due to an ongoing investigation, the government offers that

> the redactions do ensure the safety of the people who provided the information. Just because Peters is detained does not mean that witnesses against him are safe. The case alleges a second degree murder, and carries a possible life sentence. It is reasonable for the government to believe that Peters, or someone on his behalf, could jeopardize the safety of a witness who has information helpful to the government's case. Again, Peters may be able to find many or all of these witnesses on his own without the personal identifying information, but the government does not have to provide him the means to do it.

(Gov't's Resp. at 4-5.) Finally, in justification for its refusing defense counsel's offer to keep the information from Peters and using it only to locate witnesses, the government (while acknowledging that Mr. Phillip is honorable) states that it

> would still be in a position of turning over personal identifying information to Mr. Phillip and his staff that the government has a duty to safeguard. More importantly, the government does not always know opposing counsel as well as it knows Mr. Phillip, and to turn over the information to him in this case creates an unworkable and potentially unfair standard of disclosure for future cases.

(Gov't's Resp. at 5.)

In the end, the government argues that Peters is not entitled to the personal identifying information of the witnesses because (1) such personal identifying information is not exculpatory and (2) Peters has not demonstrated that the government's redaction of such information is unreasonable.

In my opinion, identifying information such as the home address or telephone number of a person whom the government intends to call as a witness in a criminal case is generally neither exculpatory nor relevant. Simply stated, where a person lives or what his telephone number might

4

Case 1:05-cr-00253-WCG   Filed 11/16/05   Page 4 of 8   Document 16

be generally has nothing to do with the testimony he might offer in a given case. Likewise, such information generally is not exculpatory in the sense of having a tendency to show the innocence of the charged defendant. Of course, this is not to say that such information could never be exculpatory or relevant. One can envision a scenario in which a witness's address could be relevant and exculpatory, such as where the witness lives next to the victim of a crime and is shown to have both the opportunity and motive to commit the crime for which another individual is charged. But, that is not the situation in the case at bar.

That said, the defendant in the instant case wants to have the witnesses' identifying information so that he (or more precisely, his counsel and/or investigator) might go out and interview the witnesses before they take the stand at trial. This is certainly not an unreasonable desire. After all, not to make any attempt to interview those persons who claim to have been witnesses to the commission of the crime could amount to ineffective assistance of counsel. And, the government would surely not (and does not) argue that it is unreasonable for defense counsel to want to interview such witnesses.

In the end, as best as can be discerned from the government's written submission, the real reason that government counsel does not want to give out the identifying information is because he fears that revealing such information (1) might jeopardize the safety of the witnesses and (2) would somehow violate a duty that he and his staff have to "safeguard" such information. (Gov't's Resp. at 5.)

As to the duty to "safeguard" the identifying information, this court is not aware of (and the government has provided no authority to suggest the existence of) any general duty on the part of the government to keep secret, i.e., safeguard, the addresses and telephone numbers of its witnesses.

Indeed, it is this court's experience that the government generally does not redact from its investigative reports, such as FBI 302s, its witnesses' identifying information. Be that as it may, the government unquestionably has the right to take reasonable steps to secure the safety of witnesses to a crime which the government is prosecuting. If common sense does not make that clear, Criminal Local Rule 16.1(b) certainly does.

At the same time, pretrial preparation in a criminal case should not become a game of "Witness Hide and Seek." Indeed, the government itself states that the defendant "*may* be able to find many or all of these witnesses on his own without the personal identifying information." However, this statement, by its very nature, equally suggests that the defendant *may not* be able to find these witnesses. (Gov't's Resp. at 5.) (emphasis added) In any event, just as the government is expected to prepare for trial, so too is the defendant. And, counsel for the defendant sets forth in detail the difficulty he faces in investigating the facts surrounding the homicide with which his client has been charged.

> The government states that "Peters is in the same position as the government when the government investigates a case and only has a name." Government Reply at 3. Peters disagrees. To make the obvious point, Peters himself is not in the same position as the government because Peters himself is in jail. Counsel for Peters can indeed visit the scene and knock on doors, but cannot do so with his client. Rather, counsel must ask his client for directions, and the response is not an address or phone number but rather something in the order of "the third brown trailer after the intersection." Counsel did not grow up in the Menominee Indian Reservation, and thus while such directions provide a modicum of help, they are far from putting him in "the same position as the government."
>
> Further along the same road, Peters and his counsel are not in the same position as the government because the government was on the scene almost immediately. The government utilized the combined investigative services of the Tribal Police and the FBI. Peters, on the other hand, cannot recreate the scene at the time, nor can he hope to match the investigative resources of the government.

6

As a specific and relevant example of how Peters is not in the same shoes as the government, the discovery provided in this matter indicates that two witnesses present at the scene are Mexican nationals illegally present in the United States. Based upon review of the discovery, and upon information and belief, these two witnesses do not usually reside within the boundaries of the Menominee Reservation, but were visiting from the Milwaukee area. Peters and his counsel would have no historical information regarding the whereabouts of these witnesses, and knocking on doors in the Middle Village section of the Menominee Reservation would be of limited utility in finding non-resident and potentially illegal aliens.

As another example, at least one significant witness likely resided in the trailer at the scene of the alleged homicide. That trailer was destroyed by fire shortly after the charged events of this case. It appears uninhabitable. Knocking on that door, then, would provide no information at all. Presumably, the government has been apprised of that witness' new address and or phone number. Once again, Peters access to and ability to re-create information is not on par with the government.

(Def's Reply at 3-4.)

In my opinion, the foregoing demonstrates that defense counsel needs to have the identifying information in order to reasonably be expected to locate the witnesses in this case. Thus, after balancing all the concerns expressed by the parties, in the interest of fairness to both parties, and so as to assure that Peters is afforded a fair trial, especially given the fact that trial in this case is scheduled to commence in less than one month, the government will be ordered to provide to defense counsel, Thomas Phillip, the witness identifying information in the discovery, which information was previously redacted.[1] In turn, Mr. Phillip will be ordered to not share such information with, or transmit such information to, his client, absent further order of the court.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to challenge redactions be and hereby is **GRANTED IN PART AND DENIED IN PART**;

---

[1] Of course, whether any witnesses will agree to talk with Mr. Phillip is entirely up to them.

7

**IT IS FURTHER ORDERED** that the government disclose to Attorney Thomas Phillip the witness identifying information in the discovery, which information was previously redacted;

**IT IS FURTHER ORDERED** that Attorney Phillip is not to share such information with, or transmit such information to, defendant Tracy A. Peters, absent further order of the court.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this  16th  day of November, 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

8