UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                Case No. 05-CR-253

TRACY PETERS,

        Defendant.

**ORDER DENYING PETITION FOR DECLARATORY JUDGMENT**

Defendant Tracy Peters was indicted for second degree murder. A jury found him guilty following a three day trial, and he was sentenced to 324 months in prison. He was also ordered to pay $9,629 in restitution at a rate of not less than 25% of prison income while incarcerated and $100.00 per month thereafter. Judgment of Conviction was entered on July 21, 2006 and affirmed on appeal on July 2, 2007. Peters has now filed a pro se petition for declaratory judgment in which he asked the Court to declare whether the Bureau of Prisons has the authority to amend or alter the judgment with respect to the restitution ordered by the Court.

Peters petition will be denied because this Court is without jurisdiction over the matter. If Peters has an objection to the manner in which the Bureau of Prisons is collecting restitution payments under the Inmate Financial Responsibility Program, his remedy is by appeal within the Bureau of Prisons. *See* 28 C.F.R. § 545.11(d). Judicial review of the Bureau's final decision would be available under the Administrative Procedure Act. 5 U.S.C. § 702. There is no provision in the

criminal code that allows an inmate to file a petition for declaratory relief within a closed criminal case. Accordingly, the petition will be denied.

I note also, however, that in *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008), the Seventh Circuit commented with respect to the Bureau's collection of restitution from inmates that "[c]ourts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)". Thus, notwithstanding this Court's direction that Peters pay restitution at a rate of not less than 25% of his prison income, the Bureau could conclude that a lesser amount is appropriate. Obviously, in the event a larger amount is taken from Peters' earnings, it would not violate this Court's direction, since the Judgment states "not less than 25%" is to be used for restitution. In any event, since this Court lacks jurisdiction, no further exploration of the issue is required. The petition is therefore denied.

**SO ORDERED** this   9th   day of March, 2009.

                                                    s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge